## UNITED STATES of America, Appellee,

v.

## Bertram Steven ALEXANDER and William Snaggs, Defendants–Appellants.

### Nos. 00–1143(L), 00–1177(C).

United States Court of Appeals, Second Circuit.

Sept. 10, 2001.

Bobbi C. Sternheim, for Bertram Steven Alexander; Daniel Nobel, New York, NY, for William Snaggs, for appellants.

Michael S. Schachter and Andrew J. Ceresney, Assistant United States Attorneys; Mary Jo White, United States Attorney, on the brief, Office of the United States Attorney for the Southern District of New York, for appellee.

Present JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and is AFFIRMED.

William Snaggs and Bertram Steven Alexander appeal from an October 19, 1999 judgment of conviction after a jury trial which found appellants, together with several other individuals, guilty of (1) conspiracy to commit robbery in violation of 18 U.S.C. § 1951 (Snaggs and Alexander); (2) robbery of a jewelry store in violation of 18 U.S.C. § § 1951 and 2 (Snaggs); (3) using or carrying a firearm in connection with that robbery in violation of 18 U.S.C. § § 924(c) and 2 (Snaggs); (4) robbery of another jewelry store in violation of 18 U.S.C. § § 1951 and 2 (Alexander); (5) using or carrying a firearm in connection with that robbery in violation of 18 U.S.C. §§ 924(c)(2) (Alexander).

Snaggs and Alexander separately raise a total of six claims and incorporate all applicable arguments into each other's briefs. Snaggs first claims that the District Court abused its discretion in excluding the testimony of Detective Nonis; second, Snaggs claims that the District Court improperly instructed the jury on Snaggs's alibi charge; third, Snaggs argues that he was improperly sentenced by the use of uncharged conduct as a separate unit under the multiple count grouping rules. Alexander claims first that the evidence of the effect of a robbery on interstate commerce was insufficient; second, that the District Court erred in sentencing him as a career offender; and third, he claims that the District Court erred in imposing enhancements for uncharged robberies.

## I.

Snaggs's first claim is that the District Court abused its discretion in excluding, under Rule 403 of the Federal Rules of Evidence, the testimony of Detective Basil Nonis. We agree that the sought testimony had little relevance and had potential to confuse the jury. Accordingly, we find that the District Court acted well within its discretion in denying admission of the testimony.

Snaggs also argues that the District Court erred when it included uncharged conduct related to a robbery committed during the conspiracy as a separate unit under the multiple count grouping rules during sentencing. We find that the District Court's analysis is consistent with this Court's decision in *United States v. Ruggiero*, 100 F.3d 284, 292 (2d Cir.1996), which allowed relevant conduct offenses to be separately grouped when appropriate.

We have considered the rest of Snaggs's claims and find them to be without merit.

Alexander's first claim is that the evidence of effect on interstate commerce of the November 1998 robbery was insuffi-

cient to meet the jurisdictional requirement of the Hobbs Act, 18 U.S.C. § 1951(a). This claim is without merit. It is well established that the burden of proving the interstate commerce nexus is *de minimis*. *United States v. Arena*, 180 F.3d 380, 389 (2d Cir.1999) *cert. denied*, 531 U.S. 811, 121 S.Ct. 33, 148 L.Ed.2d 13 (2000). Furthermore, in a sufficiency-of-the-evidence challenge, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A reviewing court must "credit every inference that could have been drawn in the government's favor." *United States v. Masotto*, 73 F.3d 1233, 1241 (2d Cir.1996) (internal quotations omitted). The District Court did not err in finding that the jurisdictional requirement was met.

We have considered the rest of Alexander's claims and find them to be without merit.

For the reasons stated above, the judgment of the District Court is AFFIRMED.